# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREDITORS ADJUSTMENT BUREAU, INC., <br><br> Plaintiffs, <br><br> v. <br><br> EDEN GROW SOLUTIONS, INC., et al., <br><br> Defendants. | Case No. 1:23-cv-00806-JLT-SAB <br><br> ORDER VACATING PENDING DATES AND REQUIRING PARTIES TO FILE DISPOSITIONAL DOCUMENTS <br><br> (ECF No. 21) <br><br> **THIRTY DAY DEADLINE** |

On November 8, 2024, a notice of settlement was filed informing the Court that the parties have resolved this case and have agreed to settlement terms that are being memorialized in a settlement agreement. (ECF No. 21.) The parties proffer that dispositional documents will be filed within 60 days. The parties request that the Court continue the pretrial conference to allow for the execution and filing of "dipositive pleadings," which the Court construes as dispositional documents. The parties also request that the Court reserve its jurisdiction to set aside the dismissal and final judgment upon a showing of default of the settlement agreement.

The Court shall order the parties to file dispositional documents within thirty days. Any additional request for extension of time to file dispositional documents must be supported by good cause. See L.R. 160(b). Given the parties' notice of settlement, the Court declines to continue the pretrial conference.

1

      Further, the parties are advised that once the terms of a settlement agreement are finalized and the settlement agreement is signed by the parties, dismissal is not dependent on performance but rather settlement of the action.  Further this Court generally declines generic requests to retain jurisdiction following dismissal, absent a specific request and showing of good cause, and such retention requires a subsequent order of approval from the Court retaining jurisdiction.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994) ("Neither the Rule nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation . . . . [e]nforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.")  Accordingly, absent a showing of good cause, the Court declines Plaintiff's generic request to retain jurisdiction following dismissal.

      Accordingly, it is HEREBY ORDERED that:

1. All pending matters and dates in this action are VACATED; and
2. The parties shall file dispositional documents within **thirty (30) days** of entry of this order.

IT IS SO ORDERED.

Dated:   **November 12, 2024**                                                  
                                                       STANLEY A. BOONE
                                                       United States Magistrate Judge